Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, NY 10022

troutman.com



**Bennet J. Moskowitz**
D 212.704.6087
bennet.moskowitz@troutman.com

December 26, 2024

**VIA ECF**

Hon. Magistrate Judge Arlene R. Lindsay
United States District Court for the Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

Re:   *Hazel Coads, et al. v. Nassau County, et al.*, Civ. Action No.2:24-cv-08780-ARL;
      *N.Y. Communities for Change, et al. v. County of Nassau, et al.*, Civ. Action
      No.2:24-cv-08779

Your Honor,

We represent Defendants Nassau County, the Nassau County Legislature, Bruce Blakeman, Michael C. Pulitzer, and Howard J. Kopel ("Defendants") in these actions and write regarding the expedition request in Plaintiffs' motion to remand by order to show cause (ECF Nos.8–11).[1] Having introduced into these matters a significant federal issue at the start of trial—including forcing the state trial court to resolve an extant circuit split among the federal Courts of Appeals—Plaintiffs now ask this Court to mandate that Defendants respond to their motion to remand on an extremely compressed time schedule, over the holiday season; and then for this Court to decide that motion on an even faster schedule. Plaintiffs do not come close to meeting the high burden for short-circuiting the usual timeframes for these proceedings. To be clear, Defendants submit this letter *only* in opposition to Plaintiffs' request to shorten their time to file response papers, and intend to file their opposition to the motion to remand by formal, detailed opposition.

*First*, Plaintiffs' claim that their requested breakneck haste is necessary because of their concern about the trial court's currently scheduled trial dates, ECF No.11 at 18–19, but this timing issue is entirely of Plaintiffs' own making. Defendants repeatedly warned Plaintiffs, including on the record on December 20, that injecting a theory into their state law claims based upon Section 2 of the Voting Rights Act ("VRA") could well lead to removal. *See* ECF No.1 ¶ 16. Nevertheless, Plaintiffs convinced the trial court to permit them to inject this significant federal issue after trial had begun. *Id.* ¶¶ 18, 19. Given this belated introduction of this federal theory, the trial court last week allowed Defendants to submit supplemental expert reports as to whether the map at issue violates Section 2 of the VRA, which are due on January 3, 2025. *See id.* ¶ 18. And because resolving Plaintiffs' new Section 2 theory will require addressing whether it is permissible to combine minority groups together into so-called coalition districts, an issue on which there is an acknowledged circuit split, the trial court last week also permitted the parties to submit supplemental briefing on that

---

[1] For ease of the Court's review, all citations to ECF filings refer to those filed in the *N.Y. Communities for Change* Action (Civ. Action No.2:24-cv-08779).



issue. *Id.* Plaintiffs thus knew that introducing their Section 2 of the VRA theory into their state law claims could lead to removal of these matters, and yet introduced the issue anyway.

*Second*, Plaintiffs express concern regarding the impending Nassau County election campaign deadlines. ECF No.11 at 18–19. But Plaintiffs themselves delayed many months before filing their lawsuits after the Nassau County Legislature's enactment of the contested legislative map. *See* ECF No.1 ¶ 2. To date, Plaintiffs have yet to provide any plausible justification for this delay. The fact that their delay in filing their lawsuits, combined with their decision to introduce a significant federal issue into these cases at this late hour, has pushed these cases closer to certain local elections' deadlines, provides no justification for rushing both Defendants' response to Plaintiffs' motion for remand and this Court's decision on that motion. And, of course, whether any relief for the 2025 election is permissible must later be determined under *Purcell v. Gonzalez*, 549 U.S. 1 (2006), in the unlikely event that Plaintiffs prevail in these cases.

*Third*, it would unfairly prejudice Defendants to force them to respond to Plaintiffs' motion on a compressed schedule over the holidays. Defendants' attorneys are on pre-planned holiday breaks with their families, planned consistent with professional obligations. The limited time that any of these attorneys have to take away from time with their families is being devoted to, among other professional commitments: (1) an emergency briefing schedule set by the Court of Appeals for the Seventh Circuit in a major dormant commerce clause case, with the opening brief due on January 6, 2025, *see LSP Transmission Holdings II, LLC v. N. Ind. Pub. Serv. Co.*, No. 24-3248 (7th Cir.); and (2) working with their experts on the supplemental expert report(s) by January 3, given that this is the first opportunity Defendants' experts have had to address Section 2 of the VRA in these cases. This later, recently imposed deadline should tell this Court everything that it needs to know about the facial plausibility of Plaintiffs' assertion that their Section 2 theory was in this case before the trial court's orders last week.

*Finally*, implicit in Plaintiffs' request is that this Court should proceed with great haste in deciding the motion for remand, ECF No.11 at 18–19, but that is both disrespectful of this Court's schedule and improper given the complexity of Plaintiffs' own remand arguments.

Plaintiffs' lead argument for remand is that notwithstanding the fact that the trial court has now both allowed Defendants to submit supplemental expert reports on whether the challenged map complies with Section 2 of the VRA *and* allowed the parties to brief for the first time the circuit split around that federal provision, that Plaintiffs' Section 2 theory was already in this case before. ECF No.11 at 8–12. To resolve that dispute, this Court will have to engage in detailed analysis of the complaints, expert reports, summary judgment briefings, multiple oral argument transcripts, and much more in the record below. **To be clear, Defendants are extremely confident that once this Court has a full opportunity to review the entire record below, it will see that Plaintiffs' suggestion that anyone was aware that their Section 2 theory was in these matters previously is unserious—to put it mildly.**

And while Plaintiffs claim that Defendants were on notice about their federal theory from Plaintiffs' opposition to the motion for summary judgment, ECF No.11 at 8–12, raising an issue for the first time in opposition to a motion for summary judgment does not make it part of the case under New York law, as Defendants noted in their summary judgment reply, ECF No.1 ¶¶ 13, 14. It would obviously not be proper to remove a case based upon an improperly raised argument in opposition

Hon. Magistrate Judge Arlene R. Lindsay
December 26, 2024
Page 3



to a motion for summary judgment, as Defendants will explain in detail in their opposition (not least because such a removal would waive the argument that the federal issue was improperly raised in the summary judgment opposition to begin with). **Notably, in its December 6 summary judgment ruling, the trial court explicitly and unambiguously "decline[d] to consider whether all three Gingles preconditions have been met by Plaintiffs because there is no authority for superimposing any of the preconditions [, which are part of Section 2 of the VRA,] that are not already written into the [state] statute."** ECF No.1-14 at 23. It was not until the trial court's orders on December 17 and 20—including permitting the submission of supplemental expert reports and briefing of the circuit split—that the VRA Section 2 theory became part of these cases, making them removable at that time. ECF No.1 ¶¶ 18, 19.

Plaintiffs also dispute, ECF No.11 at 12–15, that Defendants have satisfied the four elements of the substantial federal question doctrine, *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016). Defendants will respond in detail in their opposition brief to Plaintiffs' arguments as to each of these elements.

At the minimum, these are all complicated, case-specific issues. It would violate the principle that federal courts have "virtually unflagging" obligation to "hear and decide" cases where "jurisdiction exist[s]," *Sprint Commc'ns, Inc. v. Jacob*, 571 U.S. 69, 77 (2013) (citation omitted), to rush briefing and decision before this Court can determine after full consideration whether Defendants or Plaintiffs are correct as to the complicated removal issues in dispute here.[2]

In all, this Court should deny Plaintiffs' request to shorten Defendants' time to respond to their motion to remand. Given the complexity that Plaintiffs' motion raises, Defendants respectfully request that this Court hold oral argument on Plaintiffs' motion, after it has been fully briefed.[3]

Respectfully submitted,

/s/
BENNET J. MOSKOWITZ

cc: All Counsel of Record (via ECF)

---

[2] Plaintiffs' invocation of certain nominal defendants, ECF No.11 at 16–18, that have taken no part in any merits proceedings in this case is obviously irrelevant, ECF No.1 ¶ 32, as Defendants will explain in their opposition, *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 92–93 (2005); *Norman v. Cuomo*, 796 F. Supp. 654, 658 (N.D.N.Y. 1992) (per curiam). Plaintiffs also falsely claim that Defendants are seeking to avoid discovery that the trial court ordered. ECF No.11 at 3, 7. To be absolutely clear, Defendants intend to comply fully with all of the trial court's discovery orders and decisions, including completing the two depositions of Mr. Tseytlin and Dr. Trende next week that Plaintiffs mention in their motion (unless Plaintiffs themselves decide to call off those depositions, of their own accord). Accordingly, no prejudice to discovery in this case will come from this Court not rushing the briefing and decision on Plaintiffs' remand motion.

[3] Given the holidays, counsel has not yet had the opportunity to confer with our clients regarding whether they intend to consent to a magistrate resolving these cases.